UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY BETH HEINERT and RICHARD H.
SCHULTZ, JR., on behalf of themselves and
all others similarly situated,

                                   DECISION AND ORDER

                 Plaintiffs,

                                   19-CV-6081L

                v.

BANK OF AMERICA, N.A., CITIZENS BANK, N.A.,
PERRY SANTILLO, CHRISTOPHER PARRIS,
DOMINIC SIWIK, PAUL ANTHONY LAROCCO,
JOHN PICCARRETO, and THOMAS BRENNER,

                 Defendants.
_____

Plaintiffs bring this action on behalf of themselves and over 600 other investors, alleging that several individuals, employees of defendants Bank of America, N.A. ("Bank of America") and its successor, Citizens Bank, N.A. ("Citizens"), perpetrated a nearly decade-long Ponzi scheme by which the plaintiffs and other putative class members were defrauded of approximately 102 million dollars. (Dkt. #1). Familiarity with the underlying facts is presumed.

Bank of America and Citizens (hereafter, "defendants") have filed motions to dismiss plaintiffs' claims against them for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6). (Dkt. #17, 18). Defendants have also moved for a limited stay of discovery (Dkt. #23), pending this Court's decision on their dispositive motions.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). A stay

of discovery pursuant to Fed. R. Civ. Proc. 26(c) "requires a showing of good cause and is within the sound discretion of the court." *Reyes v. W.D. Henry & Sons, Inc.*, 2019 U.S. Dist. LEXIS 20101 at *4 (W.D.N.Y. 2019). In assessing whether good cause has been shown, the court must balance "several relevant factors including the pendency of a dispositive motion, potential prejudice to the opposing party, the extensiveness of the requested discovery, and the burden of such discovery on the requested parties." *Id*. (quoting *Steuben Foods, Inc. v. Country Gourmet Foods, LLC*, 2009 U.S. Dist. LEXIS 91219 at *9-*10 (W.D.N.Y. 2009)). In evaluating whether a stay of discovery is appropriate while a dispositive motion is pending, the Court also considers "whether the motion appears to show substantial grounds or does not appear to be without foundation in law." *Reyes*, 2019 U.S. Dist. LEXIS 20101 at *4 (internal quotation marks omitted).

Upon consideration of the relevant factors, I find that a stay of discovery is appropriate here. While resolution of the pending motions is for another day, at this stage defendants have raised sufficient issues as to the viability of plaintiffs' causes of action to militate in favor of staying discovery.

Nor is this Court alone in its concerns about the strength of plaintiffs' claims. Plaintiffs previously commenced a nearly identical action against Bank of America and others in the federal district court for the Middle District of Florida (the "Florida action"). After a motion to dismiss was filed in that case, the Florida court stayed discovery at least twice, noting obvious weaknesses in plaintiffs' claims against Bank of America. *See Heinert v. Bank of America et al.*, 2018 U.S. Dist. LEXIS 145817 (S.D.N.Y. 2018) (granting a stay of discovery pending a decision on Bank of America's motion to dismiss, as "a peek at the complaint reveals that Defendant's position as to the deficiencies of the complaint may have merit"); *Heinert v. Bank of America et al.*, 2018 U.S. Dist. LEXIS 196270 (M. D. Fla. 2018) (extending the stay of discovery pending disposition of

Bank of America's motion to dismiss plaintiffs' claims of aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and conspiracy, because "a plaintiff's efforts to impute liability on a bank for misdeeds of account holders is not new and the case law established in this area reveals that Bank of America's motion [to dismiss] is well supported"). However, before the Florida court could render a decision on the motion to dismiss, the Florida action was voluntarily discontinued by plaintiffs, for reasons that are not apparent on this record. Two months later, plaintiffs commenced this action.

The Court has also weighed the potential prejudice that plaintiffs may suffer if defendants' motion to stay discovery is granted, as well as the burdens of the requested discovery. I conclude that the balance of the relevant factors, including the strength of the underlying motions to dismiss, the broad and burdensome nature of the requested discovery (which seeks information from numerous persons, and requests broad categories of documents and electronic discovery), and the lack of possible prejudice to plaintiffs, all weigh in favor of a stay of discovery until after the dispositive motions have been decided. I have considered plaintiffs' arguments in opposition to the motion to stay, and find them to be without merit.

## CONCLUSION

Based on the foregoing, defendants' motion to stay discovery in this matter (Dkt. #23) is granted, and discovery in this action is hereby stayed pending the Court's disposition of the pending motions to dismiss. Plaintiffs' responses to the pending motions to dismiss (Dkt. #17,

#18) shall be filed within twenty (20) days of entry of this Decision and Order. Defendants' replies, if any, shall be filed within fifteen (15) days thereafter.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 23, 2019.